USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/17/2023__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HERMAN CRUZ,

                Plaintiff,

-against-

W. LEE, *et al.*,

                Defendants.

No. 14 Civ. 4870 (NSR)

ORDER REQUESTING PRO BONO COUNSEL

NELSON S. ROMÁN, United States District Judge:

    *Pro se* Plaintiff Herman Cruz ("Plaintiff") commenced this action on June 20, 2014. (ECF No. 1.) On May 12, 2016, Assistant Attorney General Neil Shevlin, who represents Defendants, advised the Court that *pro se* Plaintiff suffered a traumatic brain injury that caused bleeding into his head and resulted in brain damage. (ECF No. 44.) Pursuant to this Court's Order (ECF No. 53), Mr. Shevlin produced to the Court, on January 20, 2023, Plaintiff's medical record from Fiddler's Green Manor Home, where Plaintiff currently resides.

    Upon *in camera* review of Plaintiff's medical record, the Court determines that it is appropriate to request pro bono counsel for Plaintiff.

## LEGAL STANDARD

    Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Office of *Pro Se* Litigation request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

1

The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.* In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks*, 114 F.3d at 392–93. Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

As an initial matter, the Court has determined, based on a review of Plaintiff's IFP application (ECF No. 2), that Plaintiff qualifies as indigent. Plaintiff has thus satisfied the first *Hodge* factor. The Court similarly finds that the other *Hodge* factors warrants pro bono counsel for Plaintiff.

Upon *in camera* review of Plaintiff's medical record, the Court concludes that Plaintiff's

ability to further pursue his claims is limited by his injury. The appointment of pro bono counsel in this matter would "lead to a quicker and more just result by sharpening the issues." *Hodge*, 802 F.2d at 61.

## CONCLUSION

Accordingly, the Court orders that the Office of Pro Se Litigation request an attorney to represent Plaintiff.

Dated: February 17, 2023  
        White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge