UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HERMAN CRUZ,

       Plaintiff,

 -against-

W. LEE, et al.,

       Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/08/2023

14-cv-4870 (NSR)

ORDER & OPINION

NELSON S. ROMÁN, United States District Judge:

 The Court is in receipt of plaintiff Herman Cruz's ("Plaintiff") First Motion to Appoint Guardian ad litem, dated August 10, 2023 (the "Motion"). (ECF No. 57). The Court also notes the Defendants' Response, dated August 21, 2023, taking no position on the Motion. (ECF No. 60). The Motion seeks to have Mr. Robert M. Isackson, Esq. appointed to serve as guardian ad litem for Plaintiff on a *pro bono* basis. (Decl. of Amy Jane Agnew, Esq. (the "Decl.") at ¶ 15, ECF No. 58).

## BACKGROUND

 Plaintiff has suffered a stroke and a possibly unrelated severe traumatic head injury, which, in either case, impedes his ability to communicate with his counsel. (Decl. at ¶¶ 5-6, 13). Plaintiff has also experienced memory loss, including memory of filing the lawsuit captioned above. (*Id*. at ¶¶ 6, 9). Plaintiff's counsel is unable to represent plaintiff without a guardian ad litem and has requested a Federal Rule of Civil Procedure (the "Rule") 17 hearing to determine Plaintiff's competency. (*Id*. at ¶¶ 16-17).

## LEGAL STANDARD

 Rule 17(c) governs the appointment of guardians ad litem and provides that whenever

1

an . . . incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a[n ] incompetent person who is unrepresented in an action. Fed. R. Civ. Proc. 17(c)(2).

According to Rule 17(b), "[the c]apacity of an individual to sue or be sued is determined[,] for an individual who is not acting in a representative capacity, by the law of the individual's domicile . . . ." Fed. R. Civ. Proc. 17(b). New York law requires the appointment of a guardian ad litem when "an adult [is] incapable of adequately prosecuting or defending his rights." N.Y. Civ. Practice L. & R. § 1201. "The party seeking appointment of a guardian must show by a preponderance of the evidence that the individual's condition impedes her ability to protect her rights." *Bowen v. Rubin*, 213 F. Supp.2d 220, 223 (E.D.N.Y. 2001) (internal quotations and citations omitted).

When presented with a sufficiently robust record, a court may appoint a guardian ad litem without holding a Rule 17(c) hearing. *See, e.g., Id.* at 224-25 (citing *Neilson*, 199 F.3d at 651-52; *von Bulow by Auersperg v. von Bulow*, 634 F. Supp. 1284, 1296 (S.D.N.Y. 1986)). Even so, due process constrains courts' power to appoint a guardian ad litem because "plaintiffs possess liberty interests in avoiding the stigma of being found incompetent . . . and in retaining personal control over the litigation . . . ." *Id*. at 213 F. Supp.2d at 224 (citing *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 651 (2d Cir. 1999) (cleaned up). Consequently, a court must weigh (1) the private interest affected by the official action; (2) the risk of an erroneous deprivation of that interest through the procedures used, and the probable value of additional or different procedural safeguards; and (3) the government's interest. *Id*. (citing *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976).

In *Bowen*, the Eastern District was moved to appoint guardians ad litem without holding a hearing. *Id.* at 224. As to the plaintiffs' due process interests, the court approvingly noted that it was plaintiffs, through counsel, who were requesting the appointment, thus indicating their willingness to cede control over the litigation and "face the possible stigma associated with guardianship." *Id*. The court was also presented with declarations from the plaintiffs' treating psychiatrists, which concluded that the plaintiffs were unable to vindicate their interests. *Id*. Moreover, the pleadings and exhibits submitted over the course of the litigation indicated that the plaintiffs' interests would be advanced by the appointment of guardians given the "individuals require[ed] guidance and supervision in making difficult choices, such as those arising in the course of a lawsuit." *Id.*

Regarding the procedural prong of the *Eldridge* analysis, the *Bowen* court found that an additional evidentiary hearing would be redundant, focusing again on the declarations submitted by plaintiffs' doctors as the court was skeptical "what further evidence defendants require or would seek to present . . ." as those declarations were unrebutted and already before the court. *Id*. at 225.

*Bowen* is silent on the last *Eldridge* prong, the government's interest. One presumes this is likely because the request for appointment came from the plaintiffs themselves. The *Bowen* court did note, though, its ongoing obligation to "monitor and assess" the work of the proposed guardians ad litem. *Id*. The Court also noted a number of means by which the plaintiffs and the court itself may insulate the plaintiffs from any deleterious actions by the guardians. *Id*. at 225-26.

## DISCUSSION

The instant facts compare favorably to those in *Bowen*. Plaintiff's counsel has submitted a declaration wherein she avers Plaintiff suffered a severe and traumatic brain injury that has negatively affected his cognitive skills and functioning, struggles to communicate with counsel, has difficulty remembering or understanding his surroundings and events, and does not recall the filing of this lawsuit. (Decl. at ¶¶ 5-6, 9). Moreover, the parties have provided the court with over 9000 pages of Plaintiff's certified medical records. Those records also indicate that the Plaintiff has experienced a traumatic brain injury and permanent impairment with at least mild cognitive decline. The records also include a declaration from the Plaintiff's physician much to that same effect. That same physician has subsequently provided a declaration, dated October 14, 2023, speaking to the Plaintiff's condition (the "Physician's Decl."). The Physician's Decl. restates the Plaintiff's ailments, most notably his "mild to moderate recent and remote memory reduction, reduced capacity of logical judgment, [and that] he presents as a poor historian and sometimes suffers from confusion of time and place." (Physician's Decl. at ¶ 11). Moreover, and similar to *Bowen*, the Plaintiff's physician states his opinion that Plaintiff "would benefit from the assistance of a guardian ad litem who will participate in decision-making on [Plaintiff's] behalf as [it] relates to his civil litigation." (*Id*. at ¶ 13).

Unlike *Bowen,* where the appointment of a guardian faced opposition, here, the Defendants have not taken a position regarding a potential appointment. *See Bowen*, 213 F. Supp.2d at 222; *(see also*, ECF No. 60). Further, the due process prong results in a similar outcome to *Bowen*, where the additional procedural elements that a hearing would represent would have little effect on the outcome. *See Bowen*, 213 F. Supp.2d at 225. For one, given that Defendants have not taken a position regarding appointment, it is unlikely they would present

any evidence to challenge that already provided by Plaintiff—they have not given any indication to date that is their intent. Further, "[f]ormal hearings or submissions by doctors in addition to those made by a party's treating physician would appear to be absolute requisites only where opposing counsel or the court seek to appoint a guardian or where there is a death of evidence regarding the commentary of the part to proceed without representations." *Id*. (collecting cases). Here, the Court has been presented with the Physician's Decl., neither Defendants nor the Court are seeking to appoint the guardian, and the Court has been provided with voluminous medical records and sworn declarations speaking to Plaintiff's cognitive ability.

The Court therefore finds that, by a preponderance of the evidence, Plaintiff's injuries and current cognitive state render him "incapable of adequately prosecuting or defending his rights." N.Y. Civ. Practice L. & R. § 1201. Accordingly, the Court holds that a Rule 17 hearing is unnecessary. Even so, the Court emphasizes its "continuing obligation to monitor and assess the proposed guardian[]" and that the Court "bears ultimate responsibility for determinations made on behalf of a party represented by a guardian ad litem." *Bowen*, 213 F. Supp.2d at 225. As such, the Court will assiduously monitor the guardian's actions to ensure that Plaintiff's best interests are served by this appointment.

## CONCLUSION

For the reasons detailed above, it is hereby ORDERED, that Robert M. Isackson, as suggested by Plaintiff's counsel, *(see* Decl. at ¶ 15), be appointed to serve as a guardian ad litem for the limited purpose of litigating or settling this matter. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 57.

Dated: November 8, 2023
White Plains, NY

SO ORDERED:

_____
HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE